IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES E. ADCOCK, ET AL.                              PLAINTIFFS

VS.                    No. 4:11-cv-00832 KGB

RESURGENT CAPITAL SERVICES
AS SERVICER FOR LVNV FUNDING, LLC                      DEFENDANTS

### ORDER DENYING MOTION FOR EXTENSION OF TIME TO JOIN ADDITIONAL PARTY

Before the Court is plaintiffs' Motion for Extension of Time to Join Additional Party. (Dkt. No. 27) The defendant opposes the motion. (Dkt. No. 29) Because plaintiffs filed their motion nearly two months after the deadline to join additional parties, the Court must determine whether good cause exists to modify its scheduling order to permit the untimely amendment. The Court finds that plaintiffs have failed to make the requisite showing of good cause.

While the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), deadlines in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" (alteration in original) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998))). The Court entered its Final Scheduling Order on February 14, 2012. (Dkt. No. 10) It states in relevant part: "**ADDITION OF PARTIES/AMENDMENT OF PLEADINGS** – The deadline for seeking to add additional parties and amend pleadings shall be as soon as practicable, but in any event, no later than **March 22, 2012**." Plaintiffs filed their

motion on May 11, 2012, nearly two months after the deadline to amend and after the close of discovery.

With their proposed amendment, plaintiffs seek to join Johan Correa, a Loss Mitigation Consultant for the defendant. Plaintiffs contend he is the individual who perpetrated the alleged fraud that is the subject of this action. Plaintiffs insist they did not discover the extent of Mr. Correa's involvement in the alleged fraud until they took the deposition of defendant's agent, Kimberley Parks, on April 17, 2012. They argue that they "may not be able to demonstrate necessary elements relating to the claim of fraud" unless Mr. Correa is made a defendant.

Plaintiffs do not sufficiently explain, among other matters, why they could not have learned of Mr. Correa's identity prior to the amendment deadline or why they will have trouble proving their fraud claim if Mr. Correa is not joined. Moreover, plaintiffs' motion comes after an extended period of discovery has closed and will almost certainly delay the July trial setting.

Plaintiffs have failed to make the requisite showing of good cause. Accordingly, the Motion for Extension of Time to Join Additional Party is DENIED.

*Kristine M. Baker*
Kristine G. Baker
United States District Judge